STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Vermont Environmental Board, | } | |
| (by the Secretary of the | } | |
| Vermont Agency of Natural Resources), | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Docket No. 192-10-99 Vtec |
| | } | |
| Estate of Lincoln W. Haynes, | } | |
| Catherine Haynes, co-executor, | } | |
| and Timothy J. O'Connor, co-executor, | } | |
| Respondents. | } | |
| | } | |

Decision and Order on Cross-Motions for Summary Judgment

In the present case, the Secretary of Natural Resources, acting on behalf of the Board, issued an Administrative Order on September 24, 1999. The Order requires Respondents to file a "complete Act 250 Land Use Permit application for the gravel pit (whether for the continued operation of the pit or for closure of the pit)" and to pay a $5,000 monetary penalty. Respondents timely requested a hearing on the Administrative Order in this Court. The parties requested that the time schedule for a hearing in 10 V.S.A. Chapter 201 be postponed to allow the filing of motions for summary judgment.

The Vermont Environmental Board is represented by its General Counsel, John H. Hasen, Esq.; Respondents are represented by Gwendolyn W. Harris, Esq. The parties have filed cross-motions for summary judgment as to whether an Act 250 permit is or was required for cessation of operations at the gravel pit, and whether the statute of limitations bars any action at this time to require application for such a permit.

The following facts are not in dispute. On September 25, 1987, the Vermont Environmental Board issued Declaratory Ruling #192, regarding the operation of a gravel pit then owned by L.W. Haynes, Inc. in Marlboro, Vermont ("the Haynes gravel pit").

1

Declaratory Ruling #192 was issued both in response to a petition filed by Ellen and Dan Darrow to confirm the District Coordinator's Advisory Opinion #2-30 that the gravel pit had exceeded its historic level of operation and that an Act 250 permit was required, and in response to Lincoln W. Haynes' petition for a Declaratory Ruling that no Act 250 permit was required.

In Declaratory Ruling #192 the Environmental Board also denied Mr. Haynes' request that the pit be allowed to operate without a permit at least through December 1, 1987. The "Order" section of Declaratory Ruling #192 stated in full that:

> In view of the Board's conclusion that a substantial change has occurred, a land use permit pursuant to 10 V.S.A. §6081(a) must be secured from the District #2 Environmental Commission and all extraction operations on this property shall cease until such a permit is obtained. The gate shall be locked immediately upon receipt of this decision and no further activity related to the operation of the gravel pit shall be permitted until an Act 250 permit is secured.

It is important to note that the language does not give the owner the option of either obtaining a permit or ceasing operations. Rather, it states first that a permit must be obtained, and second, that until a permit is obtained, extraction operations must cease.

The Haynes gravel pit ceased operating in 1987, within days after the owner's receipt of Declaratory Ruling #192. By that action, the owner complied with the second requirement of the Declaratory Ruling Order that extraction operations must cease until a permit is obtained. But cessation of operations did not bring the pit in compliance with the first requirement, to obtain a permit.

The Vermont Supreme Court affirmed Declaratory Ruling #192 in 1988, in In re L.W. Haynes, Inc., Declaratory Ruling, 150 Vt. 572 (1988). The opening sentence of the Supreme Court's opinion characterized the appeal as being of "an Environmental Board ruling that an Act 250 permit is required to continue [L.W. Haynes, Inc.]'s present operations," but did not otherwise address the scope of the Declaratory Ruling.

The Estate of Lincoln W. Haynes is the successor in title to the Haynes gravel pit. Catherine Haynes and Timothy J. O'Connor are its co-executors. Neither Lincoln W. Haynes, the Estate of Lincoln W. Haynes, or either of its co-executors has applied for or received an Act 250 permit for the Haynes gravel pit.

2

The Board takes the position that, after Declaratory Ruling #192, an Act 250 permit was required for the cessation of operations at the Haynes gravel pit, as well as for any continued operation of the pit. Respondents argue that the Administrative Order is barred by the statute of limitations, that Declaratory Ruling #192 only required an Act 250 permit for continuation of the pit's operations, not for cessation of those operations, and that this Court lacks jurisdiction to "rewrite" Declaratory Ruling #192.

In making this latter argument, Respondents may misunderstand the nature of the administrative order in the present case. The Vermont Environmental Court certainly lacks jurisdiction to amend or alter Declaratory Ruling #192. It does, however, have jurisdiction of administrative orders issued under the Uniform Environmental Enforcement Act, 10 V.S.A. Chapter 201, if a timely request for hearing has been filed, to enforce Act 250 or the Declaratory Ruling according to its terms. The violation claimed in the administrative order in this case is a violation of 10 V.S.A. §6081, by failure to apply for a permit after the pit had lost its pre-existing status, regardless of whether that asserted violation is also claimed to violate the Order section of Declaratory Ruling #192.

In Declaratory Ruling #192, the Board found that commercial gravel extraction operations had been performed at the pit since long before the passage of Act 250 in 1970, and had continued to the date of the Declaratory Ruling, making the gravel extraction operations a "pre-existing development." An Act 250 permit was not required for the pre-existing operation of the gravel pit, until or unless a "substantial change" to that preexisting operation should have occurred. Based on evidence that a marked increase occurred between 1984 and 1986 in the extraction rates, size of exposed pit area, noise level, number of truck trips per day, and installation of permanent crusher equipment at the pit, the Board concluded that a "substantial change" had occurred. Because of that change, Act 250 jurisdiction attached to the Haynes gravel pit as of at least the extraction season of 1986.

This is not an instance of a prospective applicant seeking a declaratory ruling and then declining to undertake activity because the ruling stated that the activity would trigger Act 250 jurisdiction. Such a choice does not subject the prospective project to Act 250 jurisdiction. However, once Act 250 jurisdiction has attached to a project or activity, which

3

occurred with respect to the Haynes gravel pit at least by the summer of 1986, the owner cannot simply avoid any enforcement or the requirement of obtaining a permit merely by later ceasing the activity. Even remedial work[1] to cure a violation may require a permit, once jurisdiction attaches.

As of September 1987, when Declaratory Ruling #192 was issued, the Board could have sought enforcement action under then-existing law from the date the substantial change had occurred, which was the date on which Act 250 jurisdiction attached and a permit should have been obtained. However, the Uniform Environmental Enforcement Act (under which the present administrative order was issued) was adopted in 1989, and fully took effect on November 2, 1990. The Supreme Court has ruled that administrative orders may be issued under that statute for actions which took place prior to its effective date. Agency of Natural Resources v. Godnick, 162 Vt. 588, 594 (1994). Accordingly, at any time after November 2, 1990, the Board could have issued an administrative order requiring Respondents or their predecessors to obtain the required permit, and assessing penalties for their failure to do so.

Respondents argue that the administrative order in the present case is barred by the six-year statute of limitations found in 10 V.S.A. §8015. That section requires an action to

---

[1]Thus, under 10 V.S.A. §6086(a)(9)(E), the grant of an Act 250 permit "for the extraction or processing" of earth resources such as gravel, depends upon the applicant's demonstrating that " . . . in addition to all other applicable criteria, the extraction or processing operation and the disposal of waste will not have an unduly harmful impact upon the environment or surrounding land uses and development;" and upon approval of ". . . a site rehabilitation plan which insures that upon completion of the extracting or processing operation the site will be left by the applicant in a condition suited for an approved alternative use or development."

be commenced within the latter of either six years from the date the violation is or reasonably should have been discovered or six years from the date a continuing violation ceases.  This violation was "discovered" at the very latest on December 9, 1988 when the Supreme Court upheld Declaratory Ruling #192.  Under the first prong of the statute of limitations, the administrative order should have issued by December 9, 1994.

However, under the second prong of the statute of limitations, as the failure to obtain a permit is a continuing violation, and had not ceased as of the date the administrative order was issued, the statute of limitations had not expired.  Of course, even if not barred by the statute of limitations, the question of whether and how much of a penalty should attach for the failure to obtain a permit for closure of the pit must be analyzed under all the criteria for penalty assessment in 10 V.S.A. §8010(b), including any unreasonable delay in enforcement.  §8010(b)(2).  No evidence has been presented on this portion of the case and we make no findings as to this portion of the case at this time.


Accordingly, based on the foregoing, the Environmental Board's  Motion for Summary Judgment is GRANTED and Respondents' Motion for Summary Judgment is DENIED.  The matter must be set for a hearing on at least the penalty portion of the administrative order, unless the parties wish to put that portion of the case in abeyance while the permit application is made.

We will hold a telephone conference on Wednesday, May 17, 2000 at 1:30 p.m. to determine the parties' preferences, and could schedule the merits hearing as early as May 22 or May 23, if a courtroom is available in Windham county or another location as agreed by the parties.  On May 17, Judge Wright will be in trial at the Addison Superior Court in Middlebury; the parties should make arrangements in advance of that date with the Clerk of that Court to call in for the conference.

Done at Barre, Vermont, this 8th day of May, 2000.

_____
Merideth Wright
Environmental Judge